320

OLIN B. BUZZELL *vs.* JASPER B. COUSENS.

Cumberland.     Opinion July 15, 1931.

*Hinckley, Hinckley & Shesong,* for plaintiff.
*Benjamin B. Sanderson,*
*Frederick R. Dyer,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

THAXTER, J. This is an action of deceit based on alleged mis-representations by the defendant in the sale of shares of stock to the plaintiff. The stock represented an ownership in certain real estate enterprises in Boston and Washington. The fraud, as alleged by the plaintiff in his declaration and as testified to by him, was in substance that the defendant told him that there was a steady income from the buildings because there was insurance in reliable companies against vacancies, and also that the defendant informed him that the stock in the Ritz-Carlton Hotel covered the hotel building, when in fact there was no such rent insurance assuring the income from the buildings, and the stock in the Ritz-Carlton Hotel did not represent an ownership in the building itself. Within a year or two after the sale of the stock the dividends on all of it were passed.

The plaintiff was asked by his counsel to give his opinion of the value of the stock at the time he purchased it. On objection this evidence was excluded and an exception was taken. At the close of the plaintiff's case on defendant's motion a nonsuit was granted. The case is before this court on exceptions to the rulings excluding the evidence and to the granting of the nonsuit. No other evidence was offered of the value of the stock at the time of the purchase, and defendant's counsel in oral argument conceded that the ruling of the court could be justified only on the ground that there was no evidence from which a jury could determine that the plaintiff had suffered damage.

It is true that in an action based on fraud actual damage is a necessary element, which the plaintiff must prove to sustain his suit. As was said in the leading case of *Pasley* v. *Freeman*, 3 T. R., 51, "Fraud without damage, or damage without fraud, gives no cause of action: but where these two concur, an action lies." If it is fairly deducible from the evidence that the plaintiff has suffered some pecuniary loss, even though the extent of it is difficult to measure, the action may be sustained. Pomeroy : Equity Jurisprudence, 3 ed., Sec. 898 ; 26 C. J., 1171-1172 ; *Stuart* v. *Lester*, 1 N. Y. S., 699, 702 ; *Dubovy* v. *Woolf*, 127 Me., 269, 277.

In the case at bar we have evidence of the price paid by the plaintiff for the shares of stock. If there had been, as he claims was represented to him, insurance against vacancies in the different build-

ings, it is obvious that the stock was worth more than without such insurance. Likewise the stock of the Ritz-Carlton Hotel was worth more, if it represented an ownership in the hotel building than if it did not. Without such elements of value the plaintiff's stock was worth less than he had reason to suppose it was worth. Just how much less it is difficult to determine, and it must be admitted that the evidence which would help a jury to a decision is far from satisfactory. It is a fact that within a comparatively short time after the sale to the plaintiff dividends on the stock were passed. This circumstance is not in and of itself conclusive that the stock was of less value than represented; and yet it is evidence with the other testimony which a jury would have a right to take into account. Subsequent events in the history of a company, if not too remote in point of time, may be considered in determining what was its previous condition. *Davis* v. *Coshnear*, 129 Me., 334.

We feel that there was sufficient evidence of the plaintiff's having suffered a pecuniary loss to justify the submission of the case to the jury. The mere difficulty in assessing damages is not a reason for the granting of a nonsuit or for the direction of a verdict. *Peterson Co.* v. *Parrott*, 129 Me., 381.

The view which we have here taken renders it unnecessary that we consider the exception to the exclusion of the plaintiff's testimony as to value.

*Exception sustained.*